UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**BRANDY GROOMS**                                                                 **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.  5:23-CV-P118-JHM**

**BALLARD COUNTY DETENTION CENTER** *et al.*                    **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and provide Plaintiff the opportunity to amend the complaint.

**I.**

Plaintiff Brandy Grooms is incarcerated as a convicted prisoner at Ballard County Detention Center (BCDC).  She sues the Commonwealth of Kentucky, the Kentucky Department of Corrections (KDOC), BCDC, BCDC Sergeant Steven Parmley, and BCDC Deputy Phyllis Gibbs.

Plaintiff alleges that "[w]hile performing the medical exam he did physically touch me in the bottom and vaginal area while Phyllis Gibbs was present.  I did report it to the Captain Matthew Quimby when in for questioning.  Also reported to KSP."  She further states, "I put in a grievance and defendant was arrested and fired."  In the two grievances attached to the complaint, Plaintiff indicates that the individual who improperly touched her is Defendant Parmley.

As relief, Plaintiff seeks damages and release on parole.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Commonwealth of Kentucky and the KDOC

The KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Commonwealth and the KDOC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under

the Eleventh Amendment, or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (l978).  In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)).  "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims.  *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Thus, the Court will dismiss Plaintiff's claims against the Commonwealth of Kentucky and the KDOC for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

### B. Defendant BCDC

Defendant BCDC is not an entity subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, 238 F.3d 422 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  In this situation, Ballard County is the proper Defendant.

A municipality such as Ballard County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1971); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

4

Plaintiff does not claim that any alleged violation of her constitutional rights was the result of a custom or policy implemented or endorsed by Ballard County.  As such, the Court will dismiss Plaintiff's claim against BCDC for failure to state a claim upon which relief may be granted.

## C.  Defendant Parmley

The Court construes the complaint as asserting an Eighth Amendment excessive-force claim and a constitutional invasion-of-privacy claim[1] against Defendant Parmley in his individual capacity.  Upon consideration, the Court will allow these claims to proceed.  In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

## D.  Defendant Gibbs

The Court construes the complaint as asserting a constitutional claim against Defendant Gibbs for failure to intervene in the incident involving Plaintiff and Defendant Parmley.  Plaintiff, however, does not indicate in what capacity she sues Defendant Gibbs.  If Plaintiff had sued Defendant Gibbs in her official capacity, the claim would be construed to be against Ballard County, Defendant Gibbs' ostensible employer, and the claim would be dismissed for the same reasons Plaintiff's claim against BCDC is being dismissed.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

---

[1] *See Everson v. Mich. Dep't of Corr.,* 391 F.3d 737, 757 n.26 (6th Cir. 2004) (collecting cases and explaining that different circuits have allowed invasion-of-privacy claims brought by convicted prisoners to proceed under the Fourth, Eighth, and Fourteenth Amendments); *see also Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 572 n.2 (6th Cir. Jan. 31, 2013).

However, before dismissing Defendant Gibbs as a party to this action, the Court will provide Plaintiff the opportunity to file an amended complaint in which she sues Defendant Gibbs in her individual capacity. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

If Plaintiff files such an amended complaint, the Court will allow a constitutional failure-to-intervene claim to proceed against Defendant Gibbs in her individual capacity.

### E.  Injunctive Relief

As to Plaintiff's request for release on parole, she may not seek such relief in a § 1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, Plaintiff's request for release will also be dismissed for failure to state a claim upon which relief may be granted.

### F. Other Claims

### 1.  Declaration of Human Rights

The Universal Declaration of Human Rights (UDHR) is not a treaty or international agreement that imposes legal obligations. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."). Rather, it is a statement of principles aimed at providing a common standard for international human rights. *Id*. at 734-35.  Because it is not enforceable in American courts, any claim brought pursuant to the Universal Declaration of Human Rights must be dismissed for failure to state a

claim upon which relief may be granted.  *See also Cooper Butt ex rel Q.T.R. v. Barr*, 954 F.3d 901, 905 (6th Cir. 2020) (noting that the UDHR does not "create a judicially-enforceable cause of action"); *Curtis v. Hardin*, No. 5:17-cv-P85, 2017 U.S. Dist. LEXIS 95629, at *23 (W.D. Ky. June 21, 2017) (dismissing all UDHR claims because the UDHR "is not enforceable in American courts"); *see also Tellis v. M.*, No. 1:22-cv-732, 2022 U.S. Dist. LEXIS 170895, at *19 (W.D. Mich. Sept. 21, 2022) (dismissing all claims under the UDHR for same reasons).

### 2. Federal Statutes

#### a. HIPAA

Plaintiff indicates that she is also bringing a claim under the Health Information Portability and Accountability Act (HIPAA), codified at 42 U.S.C. § 1320a *et seq*.  This statute does not provide a private cause of action.  *See Faber v. Ciox Health, LLC*, 944 F.3d 593, 596-97 (6th Cir. 2019) ("HIPPA doesn't authorize a private cause of action.").  Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

#### b. PREA

Plaintiff also cites the Prison Rape Elimination Act (PREA).  However, several courts have also found that the PREA, codified at 42 U.S.C. § 15601 *et seq.*, does not create a private cause of action.  *See, e.g., Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 U.S. Dist. LEXIS 129249, at *9 (W.D. Ky. Sept. 16, 2014) ("[T]he PREA creates no private right of action.");  *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 U.S. Dist. LEXIS 114727, at *6 (W.D. Ky. Aug. 19, 2014) (same); *Chapman v. Willis*, No. 7:12-CV-00389, 2013 U.S. Dist. LEXIS 74694, at *11-12 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, No. 3:11CV1290 (VLB), 2013 U.S. Dist. LEXIS 23243, at *5 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended

it to create a private right of action for inmates to sue prison officials for non-compliance to the Act."); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 U.S. Dist. LEXIS 111682, at *13 (E.D. Cal. Sept. 29, 2011) ("[T]he PREA does not create a private right of action . . . .). Thus, Plaintiff's PREA claim must also be dismissed for failure to state a claim upon which relief may be granted.

### c. Kentucky Administrative Regulation

Finally, the Court observes that Plaintiff cites to a Kentucky Administrative Regulation (KAR) which pertains to jail medical services, 501 KAR 3:090.  The failure of prison officials to follow institutional policies or procedures does not give rise to a constitutional claim.  *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation).  Thus, this claim must also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** that **Plaintiff's claims against the Commonwealth of Kentucky and the KDOC are DISMISSED pursuant 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief**.

**IT IS FURTHER ORDERED that Plaintiff's claims against the BCDC, and for injunctive relief, as well as her claims brought pursuant to the UDHR, HIPAA, PREA, and 501 KAR 3:090 are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**IT IS ALSO ORDERED that Plaintiff shall have <u>30 days</u> from the entry date of this Order to file an amended complaint in which she sues Defendant Gibbs in her individual capacity**.  If Plaintiff files such an amended complaint, the Court will allow a constitutional failure-to-intervene claim to proceed against Defendant Gibbs.  If Plaintiff fails to timely file such an amended complaint, the Court will draft a Service and Scheduling Order for Plaintiff's continuing claims against Defendant Parmley.

The **Clerk of Court** is **DIRECTED** to put this case number and write the words "Amended Complaint" on the second page of Plaintiff's complaint form (DN 1) and mail it to Plaintiff so that she can indicate that she is suing Defendant Gibbs in her individual capacity.

The **Clerk of Court** is further **DIRECTED** to **terminate the Commonwealth of Kentucky, the KDOC, and BCDC as parties to this action since no claims remain against them**.

The Court will enter a separate Service and Scheduling Order to govern the development of this action once the 30-day period for filing an amended complaint expires.

Date:  December 11, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
       Defendant Parmley
       Ballard County Attorney
4414.011